OPINION
{¶ 1} Tylon Houston appeals from the sentence imposed for his convictions of felony theft and forgery. The facts underlying this appeal are set out in the State's brief and are not disputed. *Page 2 
 {¶ 2} On January 27, 2005, the trial court sentenced Houston to community control for three years. One of the conditions of community control was the successful completion of a residential program at West Central Community Based Correctional Facility ("West Central"). He was also required to pay, in monthly installments, his fines and court costs following his release from West Central. The trial court informed Houston that he would receive two consecutive 11-month sentences if community control was revoked.
 {¶ 3} In late 2005, Houston was charged with five community control violations. The first violation alleged that he had stolen checks, forged them, and cashed them, resulting in a loss of more than $800. The first violation also alleged that he had removed appliances from an apartment without permission. Id. The remaining violations alleged that Houston had failed to inform his supervising officer of his residence and place of employment, had failed to report to his supervising officer, had failed to follow the aftercare plan prescribed following his release from West Central, and had failed to pay his fines and court costs. Id.
 {¶ 4} A community control violation hearing was held on January 27, 2006. The trial court found that the merits existed with regard to violations two through five. On February 7, 2006, the trial court reconvened the hearing. It found Houston guilty of the first violation and revoked his community control. The trial court sentenced him to two consecutive 11-month prison sentences. The trial court also called attention to Houston's extensive criminal record, his history of substance abuse, and his failure to comply with previously imposed conditions of supervision. The trial court memorialized Houston's sentences in a journal entry, filed on February 16, 2006. Houston filed a timely appeal from that entry on March 20, 2006.
 {¶ 5} In his first assignment, Houston contends the sentences imposed upon him were contrary to the principles and purposes of Ohio's sentencing laws, were an abuse of *Page 3 
discretion, and were a violation of due process in that the sentences were cruel and unusual.
 {¶ 6} Specifically, Houston argues that he should not have received anything more than minimal sentences since the offenses were related, he had no prior felony offenses, and he had made restitution on the bad checks he cashed. Houston concedes that the court may require that he serve consecutive sentences when he commits a new offense while under a community control sanction, but he argues he was not convicted of any new offenses after his convictions in the theft and forgery charges. The State argues the trial court did not abuse its discretion in imposing the consecutive eleven-month sentences upon Houston. The State argues the trial court carefully considered the sentencing factors found in R.C. 2929.11 and R.C. 2929.12. We agree with the State's argument in that regard.
 {¶ 7} The trial court noted that Houston had a significant criminal history, that he was unsuccessful in completing a drug treatment program, that he has not responded favorably to sanctions previously imposed in adult court, that he shows no genuine remorse, that the statutory recidivism factors outweighed recidivism less likely factors, and that he committed additional criminal violations while under probationary supervision. We note that the sentences imposed were within the statutory ranges permitted, were not constitutionally excessive and were not violative of statutory law or due process.
 {¶ 8} We agree with the Appellant that the trial court should not rely on hearsay evidence entirely in making the determination whether a probationer violated terms of probation. See Sate v. Alderman (1990),20 Ohio App.3d 147; Columbus v. Lacy (1988), 46 Ohio App.3d 161, 162-165. Appellant is, however, not appealing the revocation decision; he is appealing the sentences imposed by the trial court. Hearsay is typically permitted to be considered by the trial court in pre-sentence reports submitted to the court. *Page 4 
 {¶ 9} In the pre-sentence investigation, Parole Officer Rita Monaghan provided a laundry list of the violations of law to which Appellant was convicted. She noted that while Appellant was successfully terminated from two terms of probation, he has continued to commit new crimes and continued to abuse alcohol. He is presently wanted in Florida for a probation violation committed there.
 {¶ 10} The trial court imposed more than the minimum sentences and ran them consecutively after making certain judicial findings as required by law. In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found unconstitutional those provisions of R.C. 2929.14
which mandate certain sentences based on judicial fact finding. The court's ruling applied to all cases pending on direct appeal at the time of the decision which was rendered on February 27, 2006. The trial court's sentence was imposed on Appellant on February 16, 2006. He filed a timely direct appeal on March 20, 2006. His appeal was thus pending because the time for appeal had not expired at the time Foster was
decided.
 {¶ 11} The first assignment of error is Sustained, in part, and the judgment of the trial court is Reversed and Remanded for re-sentencing.
 Wolff, P.J., and Grady, J., concur. *Page 1