OPINION
{¶ 1} Sheldon K. Pearson appeals from the sentence imposed for ten counts of forgery following the revocation of his community control.
 {¶ 2} On August 30, 2005, Pearson pled guilty to ten counts of forgery in the Champaign County Court of Common Pleas. On November 18, 2005, the court imposed concurrent sentences of three years of community control and a $200 fine for each count. The *Page 2 
court also ordered joint and several restitution in the amount of $882.15, to be paid by Pearson and his two co-defendants, and that Pearson successfully complete the residential program at Nova House. The court informed Pearson that, if he violated his community control and if his community control was revoked, the court would impose a sentence of twelve months of incarceration on each count with counts one through seven to run concurrently and counts eight through ten to run concurrently and with the two groups to run consecutively, for a total of 24 months of confinement.
 {¶ 3} On January 26, 2006, the court held a hearing on whether Pearson had violated the conditions of his community control. The probation department alleged that Pearson left Nova House without permission and failed to return, that he was discharged unsuccessfully from the program, and that he failed to turn himself in as instructed by his supervising officer. At the conclusion of the hearing, the court found that Pearson had violated the terms of his community control, it revoked community control, and it imposed an aggregate sentence of 24 months in prison, as described above. A sentencing entry was filed on February 6, 2006.
 {¶ 4} On appeal, Pearson claims that his sentence was imposed in contravention of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, because the court engaged in judicial fact-finding when it imposed maximum and concurrent sentences.
 {¶ 5} In Foster, the Supreme Court of Ohio held that parts of Ohio's felony sentencing scheme are unconstitutional, including R.C. 2929.14(B) and (C), R.C. 2929.14(E)(4), and R.C. 2929.19(B)(2)(c). Following the United States Supreme Court's decisions in Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, the supreme court held that R.C. *Page 3 2929.14(E)(4) violated the principles set forth in Blakely and that the use of such sentencing criteria is unconstitutional because it "require[s] judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before imposition of consecutive sentences." Foster at ¶ 65-67, ¶ 83. The supreme court further held that R.C. 2929.14(B) and (C) and R.C. 2929.19(B)(2) are unconstitutional because they "require judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant. " Id. at ¶ 83. The supreme court severed the provisions that it found to be unconstitutional. Id. at ¶ 97.
 {¶ 6} Foster applies to all cases pending on direct appeal at the time of the decision, which was rendered on February 27, 2006. Pearson filed his timely notice of appeal on February 17, 2006.
 {¶ 7} It is undisputed that the trial court made the findings required under R.C. 2929.14(C) and R.C. 2929.14(E)(4) when it imposed maximum and consecutive sentences for Pearson's community control violations. Moreover, Pearson and the state agree that the appropriate remedy is to reverse the sentence and remand this case for a new sentencing hearing.Foster at ¶ 104-105; State v. Houston, Champaign App. No. 06-CA-11,2007-Ohio-868.
 {¶ 8} Pearson's assignments of error are sustained.
 {¶ 9} The sentence is reversed, and the case is remanded for resentencing.
 BROGAN, J. and FAIN, J., concur. *Page 1