**The STATE of Ohio, Appellee,**

v.

**ANDERSON, Appellant.**

[Cite as *State v. Anderson,* 172 Ohio App.3d 603, 2007-Ohio-3849.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2006–L–264.

Decided July 27, 2007.

604

Charles E. Coulson, Lake County Prosecuting Attorney, and Joshua S. Horacek, Assistant Prosecuting Attorney, for appellee.

R. Paul LaPlante, Lake County Public Defender, and Vanessa R. Clapp, Assistant Public Defender, for appellant.

JUDITH A. CHRISTLEY, Judge.

{¶ 1} Joseph R. Anderson appeals from the judgment of the Lake County Court of Common Pleas, sentencing him to a total term of eight years' imprisonment for felonious assault and intimidation of an attorney, victim, or witness and ordering him to pay restitution. We affirm.

{¶ 2} By an indictment filed June 9, 2006, the Lake County Grand Jury charged appellant with four counts: count one, felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(1); count two, aggravated robbery, a first degree felony in violation of R.C. 2911.01(A)(3); and counts three and four, intimidation of an attorney, victim, or witness in a criminal case, third-degree felonies in violation of R.C. 2921.04(B). The charges stemmed from an incident occurring on April 14, 2006, at a party in Perry Township, Lake County, Ohio, at which appellant savagely beat James R. Chandler, causing him extensive physical injury.

{¶ 3} On August 9, 2006, appellant entered a written plea of guilty to counts one and three, the other counts being nolled by the trial court. There is no indication in the record that the state and appellant entered any agreement regarding a sentencing recommendation.

{¶ 4} A sentencing hearing was held November 16, 2006. By judgment entry filed November 28, 2006, the trial court sentenced appellant to eight years' imprisonment on count one, felonious assault, and two years' imprisonment on count three, intimidation of attorney, victim, or witness in criminal case. The terms were concurrent. The trial court further ordered restitution to Chandler for his medical expenses in the amount of $39,748.95. On or about December 15, 2006, appellant timely appealed, with two assignments of error:

{¶ 5} "[1.] The trial court erred by sentencing the defendant-appellant to the maximum sentence of imprisonment.

{¶ 6} "[2.] The trial court abused its discretion by refusing witness testimony to mitigate the penalty."

{¶ 7} March 3, 2007, appellant filed a third, supplemental assignment of error:

{¶ 8} "[3.] The trial court erred to the prejudice of the defendant-appellant when it ordered him to pay $39,748.95 in restitution for the victim's medical bills."

{¶ 9} Under his first assignment of error, appellant contends that the trial court misapplied the seriousness and recidivism factors set forth at R.C. 2929.12. Specifically, he asserts error under R.C. 2929.12(E) and (E)(5).

{¶ 10} Before beginning the analysis of the first assignment, it must be noted that appellant still relies on the pre-*Foster* standard of clear and convincing evidence. In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus, the Ohio Supreme Court held that the "clear and convincing" standard of review no longer applies to sentences within the statutory range. Further, the trial courts are no longer required to state their reasoning for sentencing choices. Id.

{¶ 11} This court in *State v. Lloyd*, 11th Dist. No. 2006–L–185, 2007-Ohio-3013, 2007 WL 1731620, recently undertook an extensive analysis of *Foster*. *Lloyd* at ¶ 22–36. In doing so, it placed itself among the majority of appellate districts in this state who agree that abuse of discretion is now the appropriate standard, absent legislative action. Id. at ¶ 36. Thus, abuse of discretion is to be used in the analysis at hand.

{¶ 12} Although the sections referenced in the first assignment were left intact under *Foster*, findings of fact are required only when the court wishes to overcome the presumption of prison in first and second degree felonies. That was not the case here. Nevertheless, the trial court did set out significant findings of fact in its judgment entry. However, the standard of review under *Foster* continues to be abuse of discretion.

{¶ 13} Specifically, appellant contends that contrary to the dictates of R.C. 2929.12, the trial court failed to balance the given factors and ignored his admission of being an alcoholic in need and want of treatment. Further, he argues that his remorse shown at the sentencing hearing was given no consideration.

{¶ 14} The court specifically stated in its judgment entry that it considered the record, the oral statements, the victim-impact statement, the presentence report and/or drug and alcohol evaluation, and the principles and purposes of sentencing under R.C. 2929.11. It indicated that it had balanced the seriousness and recidivism factors under R.C. 2929.12. Further, the court found that appellant was not amenable to available community-control sanctions. There is ample evidence in the record to support these findings. A last hour show of

remorse fails to be convincing under these circumstances. There was no abuse of discretion on this point, and the first assignment of error is without merit.

{¶ 15} By his second assignment of error, appellant asserts that the trial court erred in not allowing various relatives who were present at his sentencing to testify on his behalf. The alleged error is exemplified by the following colloquy between the trial court and defense counsel:

{¶ 16} The Court: "Do you have any witnesses on your behalf? I've read all the letters. Do you have any other, any testimony?"

{¶ 17} Defense Counsel: "Well, I mean, his mother is here. His father is here. His step-mother is here, his aunt is here. I don't know if they could add anything more to what I said or to what they wrote, but it would be up to you, Judge."

{¶ 18} The Court: "I just want to know, can they guarantee, can they guarantee nothing like this will ever happen again? And if they can, why didn't they guarantee it couldn't have happened beforehand, because they knew how he was raised. The police didn't know it, the prosecutor didn't know it. I didn't know it."

{¶ 19} Appellant intimates that the trial court's alleged insistence that his relatives "guarantee" his future behavior prevented them from testifying in mitigation.

{¶ 20} Pursuant to Crim.R. 32(A)(1), a trial court is required to allow defense counsel and the defendant, if they so wish, to address the court at sentencing. The rule does not require a sentencing court to hear from defense witnesses. Pursuant to R.C. 2947.06(A)(1), a trial court "may hear testimony in mitigation of a sentence." Whether to do so is purely discretionary with that court. *State v. Hayes* (Dec. 18, 1998), 6th Dist. No. L–97–1385, 1998 WL 879221, at *1. When reviewing a trial court's discretionary actions, we look for abuse: i.e., an unreasonable, arbitrary, or unreasonable attitude on the trial court's part. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 21} We find no abuse here. First, in context of the hearing, we deem rhetorical the trial court's alleged insistence of a "guarantee" of appellant's behavior from his family. Defense counsel had advised the trial court that appellant was raised in an atmosphere of extreme violence and alcohol abuse. The court had before it the ugly facts of the assault coupled with appellant's criminal record, both juvenile and adult. Those facts indicated a pattern of violent behavior that has persisted despite the use of less draconian measures such as anger-management treatment. Thus, the court was placed in the position

of "fool me once, shame on you, fool me twice, shame on me!" Could and should the court have spoken more moderately? Yes. Would it have made a difference? No. This is particularly true in light of defense counsel's initial statement that the family could add little to what was already before the court. Specifically, defense counsel indicated uncertainty regarding whether appellant's family could testify to any issue not already before the trial court, either through their letters or his own speech in mitigation.

{¶ 22} The second assignment of error is without merit.

{¶ 23} By his third assignment of error, appellant alleges that the trial court erred in ordering that he reimburse Chandler for his medical bills. He asserts that his personality disorders, alcoholism, and low levels of education and job skills make it unlikely, on his release from prison, that he will be able to earn sufficient wages to pay the almost $40,000 in medical bills that Chandler sustained due to the beating.

{¶ 24} Pursuant to R.C. 2929.18(A)(1), as part of a sentence, a trial court may order restitution to a crime victim, or that victim's survivors, "in an amount based on the victim's economic loss." When doing so, a trial court must "consider the offender's present and future ability to pay the amount." R.C. 2929.19(B)(6). There are no particular factors that a trial court must weigh in determining an offender's ability to pay a financial sanction under R.C. 2929.19(B)(6). *State v. Sanders*, 11th Dist. No. 2003–L–144, 2004-Ohio-5937, 2004 WL 2526405, at ¶ 5. Rather, the requirements of R.C. 2929.19(B)(6) are met when the trial court indicates in its judgment entry that it has considered the offender's present and future ability to pay. Id. at ¶ 10.

{¶ 25} Pursuant to *Foster*, we review this issue for abuse of discretion.

{¶ 26} We find no error in the trial court's determination that appellant will be able to pay restitution in the amount ordered. He will be only 28 at the time of his release from imprisonment. If the remorse he expressed at the sentencing hearing and his determination to fight his alcoholism are genuine, he should be able to lead a productive life upon release and make the requisite payments.[1]

---

1. While the issue is not directly raised by appellant in his brief, we reject any implication that the trial court's order of restitution, holding appellant responsible for the entirety of Chandler's medical bills, is error. There are implications in the record that appellant beat Chandler at the behest of a third party, Christopher J. Magnusson, who may also have been prosecuted. It might be hazarded that Magnusson should be held responsible for a portion of the restitution ordered. Nonetheless, if prosecuted at all, Magnusson was prosecuted separately from appellant and was not before the trial court when appellant was sentenced. It is not uncommon for multiple defendants to be held jointly and severally liable for restitution to their victims. Cf. *State v. Pearson*, 2d Dist. No. 2006 CA 8, 2007-Ohio-2363, 2007 WL

{¶ 27} The third assignment of error is without merit.

{¶ 28} The judgment of the Lake County Court of Common Pleas is affirmed.

Judgment affirmed.

RICE, P.J., and TRAPP, J., concur.

JUDITH A. CHRISTLEY, J., retired, of the Eleventh Appellate District, sitting by assignment.

1430200, at ¶ 2; *State v. Foster*, 12th Dist. No. CA2005–09–415, 2006-Ohio-4830, 2006 WL 2663940, at ¶ 7–11. Consequently, it was perfectly proper for the trial court to impose full liability on appellant. Any chance of a "double recovery" by Chandler or his insurer, in case Magnusson was or is prosecuted, found guilty, and ordered to pay restitution, is mitigated by the fact that appellant's payments are to be monitored by the Adult Parole Authority, pursuant to the trial court's judgment entry of sentence.