[Cite as *State v. Demirci*, 2013-Ohio-2399.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2011-L-142** |
| - vs - | : | |
| VOLKAN DEMIRCI, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 10 CR 000573.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Timothy J. Fitzgerald,* Gallagher, Sharp, Fulton & Norman, Sixth Floor, Bulkley Building, 1501 Euclid Avenue, Cleveland, OH 44115-2108 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Defendant-appellant, Volkan Demirci, appeals his convictions and sentence for Aggravated Vehicular Assault and Operating a Vehicle Under the Influence of Alcohol, following the entry of a written guilty plea in the Lake County Court of Common Pleas. Demirci was sentenced to an aggregate prison term of four years. The issues before this court are: whether a sentencing court exercises sound, reasonable, and legal decision-making in sentencing an offender to four years' imprisonment and

imposing a nine-year license suspension in the absence of factors enhancing the seriousness of the crime and given a low probability of recidivism; whether a trial court abuses its discretion by ordering restitution based on an erroneous estimation of the offender's ability to pay; and whether the failure to merge convictions for Aggravated Vehicular Assault and Operating a Vehicle Under the Influence of Alcohol as allied offenses of similar import constitutes plain error. For the following reasons, we affirm the trial court.

{¶2} On September 21, 2010, the Lake County Grand Jury indicted Demirci for Aggravated Vehicular Assault (Count One), a felony of the third degree, in violation of R.C. 2903.08(A)(1), for serious physical harm caused to Joseph P. Jukiewicz, as the result of committing an OVI offense; Aggravated Vehicular Assault (Count Two), a felony of the third degree, in violation of R.C. 2903.08(A)(1), for serious physical harm caused to Melissa A. Fife, as the result of committing an OVI offense; Vehicular Assault (Count Three), a felony of the fourth degree, in violation of R.C. 2903.08(A)(2), for serious physical harm caused to Joseph P. Jukiewicz; Vehicular Assault (Count Four), a felony of the fourth degree in violation of R.C. 2903.08(A)(2), for serious physical harm caused to Melissa A. Fife; and Operating a Vehicle Under the Influence of Alcohol (Count Five), a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(b), for operating a vehicle with a concentration of eight-hundredths of one percent or more by weight per unit volume of alcohol in his whole blood.

{¶3} On September 23, 2010, Demirci entered a plea of not guilty.

{¶4} On December 17, 2010, Demirci entered a Written Plea of Guilty to Aggravated Vehicular Assault (Count One), amended to include the names of both

2

Joseph P. Jukiewicz and Melissa A. Fife, and Operating a Vehicle Under the Influence of Alcohol (Count Five).

{¶5} On December 21, 2010, the trial court entered a Judgment Entry accepting Demirci's plea and, upon the State's motion, nolling the remaining counts of the Indictment.

{¶6} On February 2, 2011, a Sentencing Memorandum was filed on Demirci's behalf. The Memorandum detailed Demirci's background: his birth in Germany in 1976 to Turkish parents; his emigration to the United States in 2001 on a student visa; his marriage to a woman from Lake County; the birth of his son in 2007; an injury to his left hand while cutting granite on a 10" table saw in 2008; his subsequent depression and anxiety; and the breakdown of his marriage.

{¶7} The Memorandum detailed the following factors affecting the seriousness of his crimes: he "did not expect to cause harm to the victims"; his conduct was the result "of his own stupidity"; and "the victims suffered significant and severe injuries." The Memorandum detailed the following factors affecting the likelihood of recidivism: "he was never delinquent as a child"; he has never "been convicted of or pled guilty to a criminal offense" (although he was charged with OVI in 2005, the charge was reduced to reckless operation - a "traffic offense"); he "received his United States Citizenship in January of 2010"; and he has voluntarily begun attending AA meetings and sought treatment with a therapist.

{¶8} The Memorandum asserted that Demirci is "utterly remorseful" for his actions:

3

{¶9} He asserts there is not a day goes by that he does not think of the couple he has injured. He truly understands what kind of deep, undesirable situation and the pain he has caused them. He knows that they are hurting and in turn he feels their pain, and he explains it [i]s an "irony a very strange irony … I myself have these difficult times due to some other person's mistake now I am the one who is mistaken. I feel very sad and angry, and I don't know if I can ever forgive myself … The accident with my hand had a huge negative impact in my life. Feeling of being disabled or loss of functions is indescribably awful. I was always having a hard time understanding those who say that they are half person [sic]. But now I realize how it feels to be not complete."

{¶10} On February 3, 2011, the sentencing hearing was held. At the hearing, Demirci's attorney reiterated the points made in the Sentencing Memorandum. Demirci's mother spoke on his behalf, stating that she was very sorry for the victims and that Demirci tried to make a decent life for himself in this country. Demirci's wife (they were in the process of divorcing) spoke on his behalf, stating that Demirci has a close relationship with their son and has taken him to counseling to prepare him for his impending imprisonment. Demirci spoke on his own behalf, apologizing to the victims and his own family. Demirci's AA sponsor spoke on his behalf.

{¶11} The prosecutor addressed the court and described how Demirci struck the victims, who were riding on a motorcycle, with his Ford F-150 "full go." The prosecutor described the victims' injuries as having "repercussions for years and years to come,

4

and that will continue to affect these people's lives." Melissa Fife addressed the court, describing the pain she has suffered as the result of her injuries (fractured sternum, pelvis, and vertebrae; rods in her leg and back; knee surgery); medical bills in the amount of $135,000; and losing her job and her home as a result of the accident. Joseph Jukiewicz submitted a written victim impact statement. Jukiewicz continued to suffer the effects of his injuries and had uncovered medical expenses in the amount of $5,000. The prosecutor stated that Demirci had insurance, but that it would not cover the costs of the victims' injuries. The prosecutor was unaware of how much the insurance would be able to cover.

{¶12} At the close of the hearing, the trial court stated: "Certainly the Court understands that the Defendant is genuinely remorseful and has very little criminal record. However, the Court also recognizes the extreme amount of physical, psychological, and economic harm done to the victims in this case." For Aggravated Vehicular Assault (Count One), the court sentenced Demirci to serve a four-year prison term and suspended his license for nine years. For Operating a Vehicle Under the Influence of Alcohol (Count Five), the court sentenced Demirci to serve 180 days in jail (concurrent with the four-year sentence imposed for Count One), imposed a fine of $375, and suspended his license for two years. Additionally, the court ordered Demirci to pay restitution in the amount of $5,000 to Jukiewicz and $134,928.69 to Fife.

{¶13} On February 14, 2011, the trial court issued a Judgment Entry of Sentence.

{¶14} On November 1, 2011, Demirci filed a Motion for Delayed Appeal, which this court granted on April 16, 2012. On December 3, 2012, this court released its

5

opinion in *State v. Demirci*, 11th Dist. No. 2011-L-142, 2012-Ohio-5593, affirming the court's judgment in part, reversing in part, and remanding the matter. The state of Ohio later filed a timely application of reconsideration pursuant to App.R. 26(A) pertaining to the issue of whether appellant's convictions for aggravated vehicular assault and operating a vehicle while intoxicated should have been merged. This court granted the application and vacated its December 3, 2012 opinion and judgment. We now proceed in light of the judgment granting reconsideration.

{¶15} On appeal, Demirci raises the following assignments of error:

{¶16} "[1.] The trial court committed prejudicial and reversible error in sentencing Appellant to a four-year prison term and a nine-year driver's license suspension for one count of aggravated assault which near-maximum sentence frustrates the purposes and principles of felony sentencing in Ohio Rev. Code § 2929.11 and reflects the absence of sound, reasonable, and legal decision-making when considering the sentencing factors listed in Ohio Rev. Code § 2929.12."

{¶17} "[2.] The trial court erred by ordering restitution as part of Appellant's sentence in the amount of $139,928.69 where the record does not support the trial court's declaration of the Appellant's ability to pay and/or his future ability to pay the restitution ordered as required by Ohio Rev. Code § 2929.19(B)([5])."

{¶18} "[3.] The trial court erred by convicting and separately sentencing Appellant for the crimes of aggravated vehicular assault pursuant to Ohio Rev. Code §2903.08(A)(1)(a) and operating a vehicle under the influence of alcohol pursuant to Ohio Rev. Code § 4511.19(A)(1)(a) where those crimes should have been merged as allied offenses of similar import pursuant to Ohio Rev. Code § 2941.25."

{¶19} "[A]ppellate courts must apply a two-step approach when reviewing felony sentences. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 26.

{¶20} The overriding purposes of felony sentencing in Ohio "are to protect the public from future crime by the offender * * * and to punish the offender." R.C. 2929.11(A). "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶21} It is well-recognized that a sentencing court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). The Ohio Supreme Court has described a sentencing court's discretion as "full discretion to impose a prison sentence within the statutory range." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus; *State v. Ries*, 11th Dist. No. 2008-P-0064, 2009-Ohio-1316, ¶13 ("[s]uch discretion is plenary"). "[T]he trial court is not obligated, in the exercise of its discretion, to give any particular weight or consideration to any sentencing factor." *State v. Holin*, 174 Ohio App.3d 1, 2007-Ohio-6255, ¶34 (11th Dist.).

7

{¶22} Demirci does not contend that his sentence is contrary to law. Rather, Demirci argues his sentence reflects an absence of "sound, reasonable, and legal decision-making" given the lack of factors enhancing the seriousness of his crimes and/or indicating a likelihood of recidivism. Demirci notes that the maximum possible sentence for third-degree felony Aggravated Vehicular Homicide was five years. Former R.C. 2929.14(A)(3). "Had the accident here involved an offender who would be considered one of the worst of the worst - one with an extensive prior felony criminal record, who had been incarcerated previously, and who showed no genuine remorse for the serious harm inflicted on his two victims, the most prison time he could have received would have been one-year longer than the four-year sentence imposed on Demirci."

{¶23} Similarly, Demirci argues that his nine-year license suspension, one year less than the maximum potential license suspension of ten years, fails to promote his rehabilitation or ability to make restitution. R.C. 2903.08(B)(2) and 4510.02(A)(3). "Demirci's inability to drive for a total of nine-years (at this point, five more years beyond his release from prison) will make it virtually impossible for him to find gainful employment to satisfy whatever financial obligations he might have."

{¶24} The trial court's imposition of a four-year term of imprisonment and nine-year license suspension was a valid exercise of its discretion, discretion which the Ohio Supreme Court has repeatedly described as "full." *State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, ¶8; *Mathis*, *supra*, paragraph three of the syllabus; *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. Within the context of felony sentencing, the Ohio Supreme Court has characterized an abuse of the

8

sentencing court's discretion as "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." (Citation omitted.) *Kalish*, *supra*, at ¶19.

{¶25} Demirci's sentence is neither unreasonable nor unconscionable. The trial court recognized "the extreme amount of physical, psychological, and economic harm done to the victims in this case." Demirci contends that such harm is inherent in all Aggravated Vehicular Assaults as part of the element of "serious physical harm" and, therefore, an invalid consideration on which to base a sentence. We disagree.

{¶26} A sentencing court is expressly authorized to consider the "serious physical, psychological, or economic harm [suffered] as a result of the offense." R.C. 2929.12(B)(2). Some degree of harm is suffered by all victims of crime; the fact that serious physical harm is an element of the crime should not preclude a court from considering the actual injuries suffered in the exercise of its discretion to sentence. *State v. Teets*, 5th Dist No. 09 CAA 37, 2009-Ohio-6083, ¶ 27.

{¶27} In the present case, the harm suffered by the victims was not merely serious in the sense that the physical injuries were severe, but also serious in how the injuries affected their lives. Both victims lost their jobs and their ability to live independently; both victims continue to suffer physical incapacity; one victim has been forced to accept public assistance; the other victim explained that, "most importantly," the injuries have hindered his/her efforts to maintain their own sobriety. Consideration of these injuries constitutes a rational and reasonable basis for the sentence imposed, regardless of whether there were other factors that would have justified a lesser sentence.

9

{¶28} We further note that, although Demirci only pled guilty to one count of Aggravated Vehicular Assault, there were two victims who had their lives marred by his crime and that his sentence may reflect the harm caused to both victims.

{¶29} Finally, Demirci contends that his sentence is inconsistent and disproportionate with other similarly situated offenders. We disagree.

{¶30} This court has often held that "sentencing consistency is not derived from the trial court's comparison of the current case to prior sentences for similar offenders and similar offenses." (Citation omitted.) *State v. Rhodes*, 11th Dist. No. 2011-L-072, 2012-Ohio-1269, ¶48. "Rather, it is the trial court's proper application of the statutory sentencing guidelines that ensures consistency in sentencing. * * * Thus, in order to show a sentence is inconsistent, a defendant must show the trial court failed to properly consider the statutory factors and guidelines." (Citation omitted.) *Id.* In this case, the trial court properly considered the relevant factors of R.C. 2929.11 and 2929.12.

{¶31} The first assignment of error is without merit.

{¶32} In the second assignment of error, Demirci contends that the order to pay $139,928.69 in restitution was based on an "erroneous and flawed" assessment of his ability to pay.

{¶33} A "court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions," including "[r]estitution by the offender to the victim of the offender's crime * * *, in an amount based on the victim's economic loss." R.C. 2929.18(A)(1). "Before imposing a financial sanction under section 2929.18 of the Revised Code * * *, the court shall consider the

10

offender's present and future ability to pay the amount of the sanction * * *."  R.C. 2929.19(B)(5).

**{¶34}** An order of restitution is reviewed under an abuse of discretion standard. *State v. McNaughton*, 11th Dist. No. 2011-L-083, 2012-Ohio-1271, ¶28 (cases cited).

**{¶35}** Demirci asserts that the trial court abused its discretion in ordering him to pay restitution in the amount of $139.928.69 in light of the following: he has not worked since 2010; in 2008, he suffered a serious work-related injury; at his most recent employment he was earning $15.00/hour or $2,400/month; he owes $25,000 in credit card bills and $10,000 in attorney fees; he has child support obligations; and his license will remain suspended for five years following his release from prison.

**{¶36}** Despite the difficulties identified by Demirci, the imposition of $139.928.69 does not constitute an abuse of discretion.  Demirci will be thirty-eight-years-old upon his release from prison; he is in good physical health; he has a bachelor's degree in international relations; and he has worked as a foreman and a stone-cutter earning as much as $31.00/hour.  The record before the trial court demonstrates that Demirci has education, the ability to work, and over twenty-five years until the age of retirement.

**{¶37}** We further note that payments made by Demirci's insurance company through the Adult Parole Authority would be credited against the balance of restitution ordered.  As this court has observed in another case, "[i]f the remorse he expressed at the sentencing hearing, and his determination to fight his alcoholism, are genuine, he should be able to lead a productive life upon release, and make the requisite payments."  *State v. Anderson*, 172 Ohio App.3d 603, 2007-Ohio-3849, ¶26 (11th Dist.).

**{¶38}** The second assignment of error is without merit.

11

{¶39} In the third assignment of error, Demirci contends the trial court erred by failing to merge the convictions for Aggravated Vehicular Assault and Operating a Vehicle Under the Influence of Alcohol as allied offenses of similar import.

{¶40} "The concept of merger originates in the prohibition against cumulative punishments as established by the Double Jeopardy clauses of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution." *State v. Miller*, 11th Dist. No. 2009-P-0090, 2011-Ohio-1161, ¶35, citing *State v. Williams*, 124 Ohio St.3d 381, 2010-Ohio-147, ¶12. The United States Supreme Court has noted, however, "[w]ith respect to cumulative sentences imposed at a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *accord State v. Johnson*, 128 Ohio St.3d153, 2010-Ohio-6314, ¶25.

{¶41} Ohio's merger statute, R.C. 2941.25, provides, in relevant part:

{¶42} "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

{¶43} In order to commit the crime of Aggravated Vehicular Assault, one must, while operating a motor vehicle, cause serious physical harm "[a]s the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code," i.e., Operating a Vehicle Under the Influence of Alcohol. R.C. 2903.08(A)(1)(a).

{¶44} Furthermore, R.C. 2929.41(B)(3) provides, in relevant part:

{¶45} A jail term or sentence of imprisonment imposed for a misdemeanor violation of section 4510.11, 4510.14, 4510.16,

12

4510.21, or 4511.19 of the Revised Code shall be served consecutively to a prison term that is imposed for a felony violation of section 2903.06, 2903.07, 2903.08, or 4511.19 of the revised code or a felony violation of section 2903.04 of the Revised Code involving the operation of a motor vehicle by the offender and that is served in a state correctional institution *when the trial court specifies that it is to be served consecutively*. (Emphasis added.)

{¶46} In *State v. Bayer*, 10th Dist. No. 11AP-733, 2012-Ohio-5469, the Tenth Appellate District addressed the issue of whether merger is required, in light of R.C. 2929.41(B)(3), when a defendant is convicted of aggravated vehicular assault, in violation of R.C. 2903.08, and operating a vehicle under the influence of alcohol, in violation of R.C. 4511.19. The court in *Bayer* concluded, pursuant to R.C. 2929.41(B)(3), a trial court possesses the discretion to sentence a defendant for both of these crimes. The *Bayer* court noted that the statutory language evinces a legislative intent to permit cumulative punishments where a defendant is found guilty of both aggravated vehicular assault and operating a vehicle under the influence. *Id.* at ¶19-22. Thus, the court found, the language of R.C. 2929.41(B)(3) demonstrates that these potentially allied offenses are outside the gamut of R.C. 2941.25.. *Id.* The *Bayer* court summarized:

{¶47} [W]here a defendant is found guilty of operating a motor vehicle while intoxicated and is also found guilty of aggravated vehicular assault, that defendant may be found guilty and sentenced on both. Assuming, arguendo, that OVI and AVA are allied offenses, R.C.

13

2929.41(B)(3) creates an exception to the general rule provided in R.C. 2941.25 that allied offenses must be merged so that a defendant may be convicted, i.e., found guilty and sentenced, on either the OVI or the AVA, but not both.

{¶48} We agree with the Tenth District's interpretation of R.C. 2929.41(B)(3).

{¶49} In this case, the trial judge entered convictions for both aggravated vehicular assault and operating a vehicle under the influence of alcohol and ordered them to be served concurrently, an act, in this court's view, that is authorized by the discretion afforded the court under R.C. 2929.41(B)(3). We therefore conclude the trial court did not err when it did not merge Demirci's convictions for aggravated vehicular assault and operating a vehicle under the influence of alcohol for purposes of sentencing.

{¶50} The third assignment of error is without merit.

{¶51} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J., concurs,

DIANE V. GRENDELL, J., concurs in part, and dissents in part, with a Dissenting Opinion.

_____

DIANE V. GRENDELL, J., concurs in part, and dissents in part, with a Dissenting Opinion.

14

{¶52} I concur in the judgment and opinion of this court with respect to the first two assignments of error. With respect to the third assignment of error, I dissent and would reverse the judgment of the trial court so as to require the merger of the convictions for Aggravated Vehicular Assault and Operating a Vehicle Under the Influence of Alcohol.

{¶53} In the third assignment of error, Demirci argued the trial court erred by failing to merge the convictions for Aggravated Vehicular Assault and Operating a Vehicle Under the Influence of Alcohol, under Ohio's multiple counts/allied offenses of similar import statute, R.C. 2941.25.

{¶54} The Ohio General Assembly's intent on the subject of cumulative punishments for the same conduct is expressed by R.C. 2941.25, the multiple counts or allied offenses of similar import statute, which "manifests the General Assembly's intent to permit, in appropriate cases, cumulative punishments for the same conduct." *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999), paragraph three of the syllabus, *overruled in part on other grounds by State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.[1] The allied offenses statute addresses the issue of "whether cumulative punishments imposed within a single trial for more than one offense resulting from the same criminal conduct violate the federal and state constitutional provisions against double jeopardy." *Id.* at 639. "The sole question, then, is one of state statutory construction: are the offenses at issue those certain offenses for which

---

1. The Ohio Supreme Court in *Johnson* overruled *Rance* "to the extent that it calls for a comparison of statutory elements solely in the abstract under R.C. 2941.25." 2010-Ohio-6314, at ¶ 44. The third paragraph of the syllabus in *Rance*, therefore, remains unaffected, including the proposition that "R.C. 2941.25's two-step test answers the constitutional and state statutory inquiries." 85 Ohio St.3d 632, at paragraph three of the syllabus.

the General Assembly has approved multiple convictions pursuant to R.C. 2941.25?"

*Id.*

**{¶55}** Ohio's multiple counts statute provides:

**{¶56}** (A)  Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

**{¶57}** (B)  Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25.

**{¶58}** Demirci pled guilty to Aggravated Vehicular Assault, R.C. 2903.08(A)(1)(a), as charged in Count One of the Indictment: "VOLKAN DEMIRCI did, while operating a vehicle * * *, cause serious physical harm * * * as the proximate result of committing a violation of R.C. Section 4511.19(A) * * *: Operating a Vehicle Under the Influence of Alcohol."  Demirci also pled guilty to the underlying predicate offense, Operating a Vehicle Under the Influence of Alcohol, R.C. 4511.19(A)(1)(b), as charged in Count Five of the Indictment.

16

{¶59} As several courts have recognized, Aggravated Vehicular Assault is an allied offense of similar import, under R.C. 2941.25, to the underlying offense of Operating a Vehicle Under the Influence of Alcohol.

> {¶60} Conduct that constitutes the offense of aggravated vehicular assault, R.C. 2903.08(A)(1)(a), necessarily also constitutes the offense of operation of a vehicle while under the influence of alcohol * * *, because commission of that predicate offense is a necessary component of the resulting aggravated vehicular assault offense. Because the predicate offense is subsumed into the resulting offense, the two are allied offenses of similar import for purposes of R.C. 2941.25(A). * * * Defendant may be convicted of only one, unless the two offenses were committed separately or with a separate animus as to each. R.C. 2941.25(B).

*State v. West*, 2nd Dist. No. 23547, 2010-Ohio-1786, ¶ 43-44; *State v. Mendoza*, 6th Dist. No. WD-10-008, 2012-Ohio-5988, ¶ 10; *State v. Phelps*, 12th Dist. No. CA2009-09-243, 2010-Ohio-3257, ¶ 32.

{¶61} The majority concludes that a sentencing court has "discretion" as to whether the trial court may enter separate convictions for Aggravated Vehicular Assault and its underlying predicate offense of Operating a Vehicle Under the Influence of Alcohol. *Supra* at ¶ 49. I disagree.

{¶62} The majority's decision is based solely on the recent Tenth District Court of Appeals decision, *State v. Bayer*, 10th Dist. No. 11AP-733, 2012-Ohio-5469.

17

{¶63} The Tenth District acknowledged that, under the multiple counts statute, the State may charge a defendant with two or more offenses of similar import, but may only obtain one conviction. *Id.* at ¶ 19. The court further noted that, "where other more specific legislative statements of legislative intent exist, a court may consider those statements in determining whether the General Assembly intended to allow imposition of cumulative punishments for allied offenses." *Id.* The court found a statement of "more specific" legislative intent in R.C. 2929.41(B)(3): "A jail term or sentence of imprisonment imposed for a misdemeanor violation of * * * 4511.19 of the Revised Code shall be served consecutively to a prison term that is imposed for a felony violation of * * * 2903.08 * * * of the Revised Code * * * when the trial court specifies that it is to be served consecutively."

{¶64} The Tenth District construed the statutes as follows:

{¶65} The General Assembly * * * clearly reflected its intent that a trial court may, in its discretion, sentence a defendant for both OVI and AVA. That intent conflicts with the intent reflected in R.C. 2941.25. That is, R.C. 2929.41 evidences the intent of the legislature that those two offenses should not merge–a conclusion that necessarily follows from the fact that a trial court could not order sentences to be served consecutively unless the court had first imposed more than just one sentence.

*Id.* at ¶ 21. The court of appeals concluded that "the trial court had the discretion, pursuant to R.C. 2929.41(B)(3), to enter convictions of both OVI and AVA and to sentence appellant to serve consecutive sentences for those two crimes." *Id.* at ¶ 22.

18

{¶66} The *Bayer* decision is not persuasive. The statute relied upon, R.C. 2929.41, addresses the issue of whether sentences may be served concurrently or consecutively, not whether allied offenses must be merged. The idea that trial courts have discretion as to whether allied offenses should merge is dubious. The General Assembly established the constitutional parameters for imposing multiple punishments for the same offense in R.C. 2941.25, not R.C. 2929.41. *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at ¶ 26 (a "defendant is not placed in jeopardy twice for the same offense so long as courts properly apply R.C. 2941.25 to determine the intent of the General Assembly with regard to the merger of offenses"). A careful consideration of the Ohio Supreme Court's jurisprudence demonstrates this point.

{¶67} The Ohio Supreme Court has stated that merger, for the purposes of R.C. 2941.25, occurs after a verdict is returned (or plea entered) and before sentencing. "Allied offenses of similar import do not merge until sentencing, since a conviction consists of verdict and sentence." *State v. McGuire*, 80 Ohio St.3d 390, 399, 686 N.E.2d 1112 (1997); *Johnson* at ¶ 47 ("[u]nder R.C. 2941.25, the court must determine prior to sentencing whether the offenses were committed by the same conduct"). If the trial court must apply R.C. 2941.25 prior to sentencing, it does not "necessarily" follow, as the Tenth District concluded, that R.C. 2929.41(B)(3) constitutes an exception to the multiple counts statute, inasmuch as R.C. 2929.41(B)(3) could only apply to allied offenses where the offenses are committed separately and/or with a separate animus.

{¶68} In other words, the situation addressed in R.C. 2929.41(B)(3) presupposes separate convictions and sentences for Aggravated Vehicular Assault and Operating a Vehicle Under the Influence of Alcohol. As the *Bayer* court surmised, "a

trial court could not order sentences to be served consecutively unless the court had first imposed more than just one sentence." 2012-Ohio-5469, at ¶ 21. The multiple counts statute, as shown above, is applied prior to sentencing and prevents separate convictions from being entered.

{¶69} In *State v. Green*, 11th Dist. No. 2011-L-037, 2012-Ohio-2355, this court applied such reasoning to reject the State's argument that R.C. 2929.14(E)(3) mandates that a conviction for Grand Theft must be served consecutively to any other prison terms imposed, including those for allied offenses. We held: "The imposition of a mandatory consecutive sentence for Grand Theft is conditional upon the offender's conviction for Grand Theft. As noted above, the merger of allied offenses occurs at the time of sentencing, i.e., prior to conviction 'since a conviction consists of verdict and sentence.' *McGuire*, 80 Ohio St.3d at 399, 686 N.E.2d 1112." *Id.* at ¶ 67.

{¶70} The position that R.C. 2929.41 does not constitute an exception to the multiple counts statute is further supported by the Ohio Supreme Court's decision in *State v. Moss*, 69 Ohio St.2d 515, 433 N.E.2d 181 (1982).

{¶71} In *Moss*, the Supreme Court construed both statutes at issue herein. The court recognized that "R.C. 2929.41 does empower trial courts, in a single criminal proceeding, to sentence defendants to serve consecutive terms of imprisonment for the violation of more than one criminal statute." *Id.* at 518. But, rather than finding that R.C. 2929.41 was an exception to the constitutional limitations expressed in R.C. 2941.25, the court found R.C. 2929.41 was **subject to those limitations**. "The trial court's discretion to order such cumulative sentences is not, however, constitutionally

20

unbridled. The General Assembly must have, in effect, authorized the imposition of the consecutive sentences." *Id.* at 518-519.

**{¶72}** In considering whether the imposition of consecutive sentences under R.C. 2929.41 was duly authorized, the Supreme Court looked to the multiple counts statute. The court concluded: "The General Assembly then has authorized trial courts, in a single criminal proceeding, to convict and to sentence a defendant for two or more offenses, having as their genesis the same criminal conduct or transaction, provided that the offenses (1) were not allied and of similar import, (2) were committed separately or (3) were committed with a separate animus as to each offense." *Id.* at 519.

**{¶73}** In the present case, the offenses of Aggravated Vehicular Assault and Operating a Vehicle Under the Influence of Alcohol offenses were allied offenses and were not committed separately or with a separate animus. Accordingly, they should have been merged prior to the imposition of sentence, according to R.C. 2941.25. Since only one conviction could have been entered, the question of whether the trial court could exercise its discretion to impose concurrent or consecutive sentences under R.C. 2929.41 does not arise. Demirci's convictions should be reversed and this case remanded for merger and resentencing.

**{¶74}** For the foregoing reasons, I respectfully dissent.