[Cite as *State v. Thames*, 2022-Ohio-1715.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>    Plaintiff-Appellee,<br><br>- v -<br><br>PATRICIA THAMES,<br><br>    Defendant-Appellant. | **CASE NOS. 2021-L-094**<br>       **2021-L-095**<br>       **2021-L-096**<br>       **2021-L-097**<br>       **2021-L-098**<br>       **2021-L-099**<br><br>Criminal Appeals from the<br>Willoughby Municipal Court<br><br>Trial Court Nos. 2020 CRB 00568 A<br>       2020 CRB 00568 B<br>       2020 CRB 00568 C<br>       2020 CRB 00568 D<br>       2020 CRB 00568 E<br>       2020 CRB 00568 F |

## O P I N I O N

Decided: May 23, 2022
Judgment: Modified and affirmed as modified

*J. Jeffrey Holland,* Holland & Muirden, 1343 Sharon-Copley Road, P.O. Box 345, Sharon Center, OH 44274 (For Plaintiff-Appellee).

*Michela J. Huth,* P.O. Box 17, Bolivar, OH 44612 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Patricia Thames, appeals following her conviction of cruelty against companion animals in the Willoughby Municipal Court.

{¶2} Appellant was charged with six counts of cruelty against companion animals in violation of R.C. 959.131(D)(1), all misdemeanors. A jury found her guilty on all counts and she was sentenced to probation.

{¶3} Appellant raises four assignments of error: (1) that she was not given written notice of random probationary searches; (2) that the trial court was required to hold a separate hearing on restitution; (3) that when ordering reimbursement, the trial court did not fully consider whether she has the ability to pay; and (4) that the permanent bar to owning companion animals conflicted with the five-year probation period.

{¶4} After a review of the record and applicable law, we find Appellant's assignments of error to be without merit. The trial court did provide written notice regarding terms of random probationary searches because the term was clearly written on the document titled "Conditions of Probation". The trial court did not err by determining Appellant's ability to pay reimbursement without holding a separate hearing because the court is not statutorily required to do so. Further, the record shows that the trial court considered all relevant circumstances and Appellant's argument that she was unable to pay reimbursement. Finally, the trial court did not err by exceeding the scope of Appellant's five-year probation by permanently barring Appellant from owning companion animals because a permanent bar in such circumstances is an expressly authorized penalty for the crimes committed. The judgment of the Willoughby Municipal Court is affirmed.

{¶5} On February 12, 2020, the Lake County Humane Society reported to Appellant's home after receiving a complaint that there was possible neglect of companion animals. After the Lake County Humane Society determined that the animals

2

were neglected, Appellant was charged with six counts of cruelty against companion animals in violation of R.C. 959.131(D)(1).  The court found Appellant to be indigent and appointed a public defender to represent her.

{¶6}  On June 25, 2020, Appellant terminated her appointed counsel and retained private counsel.

{¶7}  A jury trial was held on June 14 and 15, 2021.  The jury found Appellant guilty on all six counts.

{¶8}  On August 5, 2021, the court held a sentencing hearing and sentenced Appellant to five years of probation.  The terms of probation were that Appellant: (1) shall obtain a mental health assessment, treatment, and follow aftercare recommendations; (2) shall not own, care for, possess, or reside with any animal other than her cat, Lovey; (3) shall be subject to random, daylight inspections to ensure compliance with probation; and (4) is permanently barred from owning or caring for any companion animal.

{¶9}  The court also ordered that Appellant pay "restitution" to the impounding agency in the amount of $1,704 for costs associated with caring for the animals.

{¶10}  At sentencing, Appellant's counsel asserted to the court that Appellant was unable to pay the $1,704.  Appellant's counsel advised the court that it had found Appellant indigent earlier in this case and had initially appointed her an attorney.  The court stated that it took that information into consideration, but also noted that Appellant retained private counsel for trial and for an appeal.  The court then finalized the order of "restitution" on the judgment entry.

{¶11}  Also on August 5, 2021, the court filed a document titled, "Conditions of Probation," setting forth the terms of Appellant's probation, which Appellant signed.

3

{¶12} "FIRST ASSIGNMENT OF ERROR: The trial court erred and abused its discretion when it failed to provide Appellant with the statutory mandated Ohio Revised Code Section 2951.02(A) written notice of probation searches."

{¶13} R.C. 2951.02(A) requires a court ordering probation to provide the offender with written notice informing them that they may be subject to random searches if the supervising probation officer has reasonable grounds to believe that the offender is not abiding by the law or otherwise is not complying with the conditions of the offender's terms of probation.

{¶14} Appellant asserts that the "statutory written notice was not provided to Appellant, and the record contains no suggestion that such notice exists." Appellant's assertion is incorrect.

{¶15} The "Conditions of Probation" filed on August 5, 2021 set forth the terms of Appellant's probation. The eleventh condition on the document states: "Pursuant to R.C. 2951.02 you are subject to a search of your person, residence, motor vehicle, and any other tangible personal property by a probation officer while on probation if probation officer has responsible [sic] grounds to believe that you are not abiding by the law or are not complying with the terms and conditions of your probation."

{¶16} The Conditions of Probation document was signed by Appellant. Right above Appellant's signature, the document reads: "I fully understand the conditions of my probation and will abide by them."

{¶17} Appellant's position disregards the Conditions of Probation, which clearly provides written notice of random probationary searches. Appellant signed it,

4

acknowledging that she understood those terms and conditions. Thus, the trial court complied with R.C. 2951.02(A).

{¶18} Appellant's first assignment of error is without merit.

{¶19} "SECOND ASSIGNMENT OF ERROR: The trial court erred and abused its discretion when it failed to conduct a restitution hearing."

{¶20} In her second assignment of error, Appellant contends that the trial court was required to hold a restitution hearing because she disputed the amount at sentencing.

{¶21} R.C. 2929.28(A)(1) generally requires the court to hold a restitution hearing when a party disputes the amount of restitution. However, here, the court mistakenly referred to the payment ordered as restitution when the payment is actually reimbursement. Thus, R.C. 2929.28(A)(1) does not apply here.

{¶22} Restitution is payment to a victim based on the victim's economic loss as a result of a crime. R.C. 2929.28(A)(1). Yet, "restitution cannot be ordered to be paid to a humane society—or other governmental entity—for the costs of caring for an animal victim of abuse under R.C. 2929.28." *State v. Marcellino*, 11th Dist. Geauga 2019-Ohio-4837, 149 N.E.3d 927, ¶ 30.

{¶23} Reimbursement is payment to a government agency for costs incurred as a result of the offender's actions. R.C. 2929.28(A)(3).

{¶24} R.C. 959.99(E)(6)(b) governs reimbursement in cruelty to companion animal cases and provides: "A court may order a person who is convicted of or pleads guilty to a violation of section 959.131 of the Revised Code [cruelty to companion animal] to reimburse an impounding agency for the reasonably necessary costs incurred by the

5

agency for the care of a companion animal that the agency impounded as a result of the investigation or prosecution of the violation * * *."

{¶25} While R.C. 2929.28(A)(1) requires the court to hold a hearing when a party disputes the amount of restitution, R.C. 2929.28(B) provides otherwise for reimbursement.

{¶26} R.C. 2929.28(B) applies to reimbursement and provides that a hearing is permissive. "If the court determines a hearing is necessary, the court may hold a hearing to determine whether the offender is able to pay the financial sanction imposed pursuant to this section or court costs or is likely in the future to be able to pay the sanction or costs." R.C. 2929.28(B).

{¶27} The judgment entry refers to the payment ordered as restitution. Yet, the payment ordered is not to a victim, but is to a government agency. Therefore, the payment ordered in this instance is reimbursement, not restitution.

{¶28} Under R.C. 2929.28(B), holding a hearing for reimbursement is discretionary and the court is not required to do so. The court did not abuse its discretion when it determined that a hearing was not necessary in this instance because Appellant offered very little, if any, evidence to demonstrate that she would be unable to pay reimbursement and the court employed its discretion to determine the ability to pay based on the evidence in front of the court at the time.

{¶29} To be clear, trial courts are without statutory power to order an offender to pay restitution to a humane society. *Id.* at ¶ 30. However, the court improperly ordered restitution and the mistake must be corrected for the order to be enforceable.

6

**{¶30}** Under the Ohio Constitution, appellate courts may modify final judgments if modification is provided for by law. Ohio Const. Article IV, Section 3(A)(2). "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Ohio Const. Article IV, Section 3(A)(2). R.C. 2953.03 allows such modification and provides: "[U]pon the hearing of an appeal other than an appeal from a mayor's court, the appellate court may affirm the judgment or reverse it, in whole or in part, or modify it * * *."

**{¶31}** We modify the judgment entry to reflect the $1,704 payment ordered to be paid to the Lake County Humane Society is reimbursement, not restitution.

**{¶32}** Appellant's second assignment of error is without merit, but we modify the judgment to reflect reimbursement.

**{¶33}** "THIRD ASSIGNMENT OF ERROR: The trial court erred and abused its discretion when it ordered restitution based upon Appellant 'retaining' and 'hiring' trial and appellate counsels."

**{¶34}** "Misdemeanor sentencing is evaluated under an abuse of discretion standard of review." *State v. Petrovich*, 11th Dist. Lake No. 2017 CR 000862, 2019-Ohio-3547, ¶ 23. Ordering restitution and reimbursement is part of criminal sentencing. *State v. Danison*, 105 Ohio St.3d 127, 2005-Ohio-781, 823 N.E.2d 444, ¶ 6. Thus, we review restitution and reimbursement orders in a misdemeanor case for an abuse of discretion. *State v. Dent*, 11th Dist. Lake No. 2020-L-110, 2021-Ohio-2551, ¶ 15, *State v. Marcellino*, 11th Dist. Geauga, 2019-Ohio-4837, 149 N.E.3d 927, ¶ 23, *State v. Flanagan*, 11th Dist. Ashtabula No. 2015-A-0020, 2015-Ohio-5528, 2015 WL 9594509, ¶ 42.

7

**{¶35}** In *State v. Ciresi*, 11th Dist. Geauga, 2020-Ohio-5305, 162 N.E.3d 846, ¶ 5, this court correctly stated that "since the enactment of H.B. 86, we review felony sentences, which include restitution orders, under R.C. 2953.08(G)(2)." *Ciresi* was a felony restitution case and came to the correct outcome. However, in *Ciresi*, this court overruled *Marcellino*, *supra*, and *Flanagan*, *supra*, because in those cases this court had held that "we review restitution orders for an abuse of discretion." *Ciresi*. at ¶ 5. This court did not acknowledge that *Marcellino* and *Flanagan* were restitution orders in misdemeanor cases, not felony cases. The section of *Ciresi* "overruling" *Marcellino* and *Flanagan* was mere obiter dictum[1] and is not the law of this district. To clarify, we review restitution and reimbursement orders in a misdemeanor case for an abuse of discretion.

**{¶36}** "An abuse of discretion connotes more than a difference in opinion in the application of the law to the facts; it means rather that the trial court's decision was unreasonable, arbitrary or unconscionable." *In re Sullivan*, 11th Dist. Geauga Nos. 2005–G–2641, 2005–G–2642, 167 Ohio App. 3d 458, 2006-Ohio-3206, 855 N.E.2d 554, ¶ 12. The reviewing court must find that there "is no sound reasoning process that would support that decision." *Id.*

**{¶37}** Appellant contends that the trial court abused its discretion when it ordered restitution and found that Appellant was able to pay the full reimbursement. Specifically, Appellant argues that the trial court erred because it considered that Appellant retained private counsel for the trial and this appeal.

---

1. "An incidental and collateral opinion uttered by a judge, and therefore (as not material to his decision or judgment) not binding." *State ex rel. Gordon v. Barthalow*, 150 Ohio St. 499, 505-506, 83 N.E.2d 393 (1948).

Case Nos. 2021-L-094, 2021-L-095, 2021-L-096, 2021-L-097, 2021-L-098, 2021-L-099

{¶38} R.C. 2929.28(A)(3)(b) provides: "The amount of reimbursement ordered * * * shall not exceed the total amount of reimbursement the offender is able to pay and shall not exceed the actual cost of the sanctions."

{¶39} Appellant asserts in her brief that the court should have determined "whether Appellant paid for her attorneys, or a family member paid, or the attorneys charged a reduced rate or took the case pro bono." However, under R.C. 2929.28(A), it is in the court's discretion which factors to consider, and the weight given to each. "There are no particular factors that a trial court must weigh in determining an offender's ability to pay a financial sanction." *State v. Anderson*, 11th Dist. Lake, 172 Ohio App. 3d 603, 2007-Ohio-3849, 876 N.E.2d 632, ¶ 24. Rather, the requirements "are met when the trial court indicates in its judgment entry that it has considered the offender's present and future ability to pay." *Id.*

{¶40} Here, the court heard Appellant's argument offered to dispute that she had the ability to pay reimbursement and stated that it considered all the relevant circumstances. That is all the court is required to do. *Id.* Additionally, Appellant only offered three arguments: (1) that the court had determined Appellant indigent earlier in this case before she terminated appointed counsel and retained private counsel; (2) that Appellant was "concerned" she would not be able to pay reimbursement due to being retired for several years; and (3) the cryptic statement that Appellant's retaining private counsel "does not mean that she's paying the attorneys."

{¶41} A trial court can only consider the evidence presented, and it was not an abuse of discretion for the court to not inquire how the attorneys are being paid. It is not

unreasonable for the court to have considered Appellant's retention of private counsel for the case and its appeal.

**{¶42}** Appellant's third assignment of error is without merit.

**{¶43}** "FOURTH ASSIGNMENT OF ERROR: The trial court erred and abused its discretion when it 'permanently barred [Appellant] from owning or caring for any companion animal.'"

**{¶44}** In her fourth assignment of error, Appellant argues that the judgment is inconsistent and invalid because a term of probation is that Appellant is permanently barred from owning a companion animal, which exceeds the five-year probation period imposed.

**{¶45}** The imposition of probation conditions is reviewed under an abuse of discretion standard. *State v. Bechtel*, 11th Dist. Lake, 2020-Ohio-4889, *appeal not allowed*, 161 Ohio St. 3d 1440, 2021-Ohio-375, 162 N.E.3d 822, ¶ 9.

**{¶46}** R.C. 2929.25(A)(2) provides: "The duration of all community control sanctions imposed upon an offender and in effect for an offender at any time shall not exceed five years."

**{¶47}** R.C. 959.99(E)(6)(a) provides: With respect to "a person who is convicted of or pleads guilty to a violation of section 959.131 of the Revised Code," the sentencing court "may prohibit or place limitations on the person's ability to own or care for any companion animals for a specified or indefinite period of time."

**{¶48}** Here, R.C. 2929.25(A)(2) and R.C. 959.99(E)(6)(a) conflict in determining whether Appellant is permanently barred from owning a companion animal, or whether the bar is limited to five years.

10

{¶49} To resolve this issue, "[W]ell-established principles of statutory construction require that specific statutory provisions prevail over conflicting general statutes. *State v. Volpe*, 38 Ohio St.3d 191, 193, 527 N.E.2d 818, 820–821 (1988).

{¶50} When a court orders a permanent bar to owning companion animals as a term of probation, R.C. 959.99(E)(6)(a) prevails because it is the more specific statute and the permanent bar is upheld. *Bechtel*, at ¶ 12, 13.

{¶51} Thus, because permanently barring an offender from owning or caring for a companion animal is a statutorily authorized penalty for the crime committed, the court did not abuse its discretion.

{¶52} Appellant's fourth assignment of error is without merit.

{¶53} The judgment of the Willoughby Municipal Court is modified and affirmed as modified.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.