[Cite as *State v. Kraft*, 2013-Ohio-4658.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| MARC C. KRAFT | : | Case No. 13 CAA 03 0013 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 12 CR I 11 0437


JUDGMENT:      Affirmed/Reversed in Part and Remanded


DATE OF JUDGMENT:      October 21, 2013


APPEARANCES:

For Plaintiff-Appellee             For Defendant-Appellant

KYLE ROHRER                  WILLIAM T. CRAMER
140 North Sandusky Street        470 Olde Worthington Road
3rd Floor                        Suite 200
Delaware, OH 43015           Westerville, OH 43082

*Farmer, J.*

{¶1}   On November 8, 2012, appellant, Marc Kraft, drove his vehicle into the back of another vehicle, killing one person and seriously injuring two others.   Upon investigation, it was discovered that appellant had a blood alcohol content of .214.

{¶2}   On November 15, 2012, the Delaware County Grand Jury indicted appellant on two counts of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a) and (2)(a) while under the influence and under a driver's license suspension and a specification for prior OVIs, two counts of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) while under the influence and under a driver's license suspension, two counts of vehicular assault in violation of R.C. 2903.08(A)(2)(b) while under a driver's license suspension, and two counts of operating a motor vehicle while under the influence in violation of R.C. 4511.19(A)(1)(a) and (f) with prior OVIs.

{¶3}   A bench trial commenced on February 5, 2013.   The trial court found appellant guilty as charged.   By judgment entry filed February 13, 2013, the trial court merged the alternative counts and sentenced appellant on Counts 1, 3, 4, and 7 to an aggregate term of twenty-nine years and six months in prison, with three years mandatory.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.   Assignments of error are as follows:

I

{¶5}   "APPELLANT WAS DEPRIVED OF HIS RIGHTS TO DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED

STATES CONSTITUTION AND THE OHIO CONSTITUTION, ARTICLE I, SECTION 16, BECAUSE THERE WAS INSUFFICIENT EVIDENCE OF HIS PRIOR OVI CONVICTIONS."

II

{¶6} "APPELLANT WAS DEPRIVED OF HIS RIGHTS TO DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION, ARTICLE I, SECTION 16, BECAUSE A PENNSYLVANIA DRIVER'S LICENSE SUSPENSION CANNOT BE USED TO ELEVATE AGGRAVATED VEHICULAR ASSAULT TO A SECOND-DEGREE FELONY."

III

{¶7} "THE TRIAL COURT VIOLATED DOUBLE JEOPARDY AND R.C. 2941.25 BY FAILING TO MERGE APPELLANT'S OVI CONVICTION WITH HIS CONVICTIONS FOR AGGRAVATED VEHICULAR HOMICIDE/ASSAULT."

I

{¶8} Appellant claims his convictions relating to prior OVIs were against the sufficiency of evidence. We disagree.

{¶9} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979).

{¶10} Under the merger doctrine (R.C. 2941.25), appellant was sentenced on Count 1 (aggravated vehicular homicide) and Count 7 (operating a motor vehicle while under the influence) along with the enhanced specifications of prior OVIs. On Count 1, three or more prior OVIs subjected appellant to a minimum mandatory term of three years [R.C. 2941.1415 and 2929.14(B)(6)]. On Count 7, three or four prior OVIs within six years or five or more prior OVIs within twenty years elevated the charge to a fourth degree felony [R.C. 4511.19(G)(1)(d)]. Appellant argues the evidence presented on his prior OVIs was insufficient to satisfy Crim.R. 32(C) and *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204.

{¶11} Crim.R. 32(C) states in pertinent part: "A judgment of conviction shall set forth the fact of conviction and the sentence. Multiple judgments of conviction may be addressed in one judgment entry." In *Lester* at paragraph one of the syllabus, the Supreme Court of Ohio held: "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. (Crim.R. 32(C), explained; *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, modified.)"

{¶12} In order to analyze the sufficiency of the evidence argument, it is of first import to review what was presented at trial.

{¶13} Seven stipulations were entered on the record, and the trial court took judicial notice of former Pennsylvania Consolidated Statute 75, Section 3731 (OVI statute applicable to appellant's Pennsylvania convictions). T. at 5-6, 8-9.

{¶14} Ohio State Highway Patrol Trooper Christopher Appollonio testified appellant provided him with his name, date of birth, and social security number.  T. at 92.  Appellant told the trooper he had a driver's license through Pennsylvania, but it was suspended.  T. at 92-93, 95.  Appellant also admitted to drinking three to four beers that evening, and to having prior OVIs "[b]ack in the '90's."  T. at 95, 97; State's Exhibit 7.

{¶15} As part of the investigation, Trooper Appollonio received a printout of appellant's Pennsylvania driving record.  T. at 100; State's Exhibit 9A.  The exhibit was a certified driving history from the Commonwealth of Pennsylvania dated November 9, 2012, signed by Janet Dolan, Director, Bureau of Driver Licensing for Secretary of Transportation, and certified by Barry J. Schoch, P.E., Secretary of Transportation.  T. at 100.  The exhibit listed the name of appellant, Marc Christian Kraft, date of birth July 29, 1967, and driver's license no. 21352636.  Trooper Appollonio verified that appellant's name and date of birth were consistent with the information given to him by appellant.  T. at 101.  He then identified State's Exhibits 9B-G regarding the dates of prior OVI offenses and convictions vis-à-vis a comparison of appellant's certified driving history.[1]

{¶16} Defense counsel cross-examined the trooper on the exhibits.  T. at 106-111.  At the conclusion of the evidence, defense counsel argued State's Exhibits 9B, D, E, F, and G did not conform to Crim.R. 32 as they were devoid of either the nature of a plea or a judge's signature or both.  T. at 208-209, 211.  The trial court found the exhibits were admissible as they had been properly authenticated under Evid.R. 902

---

[1]Appellant was convicted of OVIs on November 21, 1989, March 19, 1992, March 15, 1994, two on January 21, 1998, and March 11, 2003.  T. at 101-106; State's Exhibits 9B-G.

and Crim.R. 27, but reserved ruling on whether they were sufficient to prove "beyond a reasonable doubt the fact of prior convictions."  T. at 210-213.  The matter was again raised to the trial court's attention via a Crim.R. 29 motion for acquittal.  T. at 232-233.

{¶17}  Although the trial court rejected the application of Civ.R. 44 (proof of official record) to the proceeding (T. at 210-211), we find it would have been appropriate under Crim.R. 27 which states: "The proof of official records provisions of Civil Rule 44, and the judicial notice and determination of foreign law provisions of Civil Rule 44.1 apply in criminal cases."  Civ.R. 44(A)(1) states the following:

> *(1) Domestic.* An official record, or an entry therein, kept within a state or within the United States or within a territory or other jurisdiction of the United States, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that such officer has the custody.  The certificate may be made by a judge of a court of record in which the record is kept or may be made by any public officer having a seal of office and having official duties in the political subdivision in which the record is kept, authenticated by the seal of his office.

{¶18}  We note under Civ.R. 44(A)(1), an official public record does not have to be signed by a judge, but may be attested to "by the officer having the legal custody of the record" and certificate may be made "by any public officer having a seal of office."

{¶19} In Ohio, pursuant to Crim.R. 32(C) cited above, in order for a judgment of conviction to be a final appealable order, the judgment must include the fact of the conviction and the sentence, and must be signed by a judge.

{¶20} In practical application from *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, and its progeny, we have never found no conviction or sentence, but rather no final appealable order making it ripe for appellate review. We find appellant's reliance on Crim.R. 32(C) and *Lester* to be in error.

{¶21} The gravamen of this appeal is whether State's Exhibits 9B-G were sufficient to establish appellant's prior OVI convictions in Pennsylvania. Because the state has conceded that the 1989 conviction (State's Exhibit 9B) is beyond the twenty year limitation of the statute, it will not be addressed.

{¶22} The totality of the evidence presented (certified and authenticated documents, appellant's admission to previous OVIs, the identification of appellant via his date of birth and social security number as tracking devices) is sufficient to establish the out-of-state OVI convictions. However, appellant did not have three or four prior OVIs within six years or five or more prior OVIs within twenty years under R.C. 4511.19(G)(1)(d). Therefore, we remand for resentencing on Count 7 as a misdemeanor in the first degree, not a felony in the fourth degree. R.C. 4511.19(G)(1)(a).

{¶23} Assignment of Error I is granted in part and denied in part.

II

{¶24} Appellant claims the trial court erred because it used his Pennsylvania driver's license suspension to enhance his aggravated vehicular assault convictions to second degree felonies. We disagree.

{¶25} R.C. 2903.08 governs aggravated vehicular assault and enhancement of penalty. Appellant argues subsection (B)(1)(a) pertains to driver's license suspensions from the State of Ohio only:

> (B)(1) Whoever violates division (A)(1) of this section is guilty of aggravated vehicular assault. Except as otherwise provided in this division, aggravated vehicular assault is a felony of the third degree. Aggravated vehicular assault is a felony of the second degree if any of the following apply:
>
> (a) At the time of the offense, the offender was driving under a suspension imposed under Chapter 4510. or any other provision of the Revised Code.

{¶26} Appellant argues because his driver's license was suspended under Pennsylvania statutes, the suspension cannot be used to enhance his sentence under R.C. 2903.08(B)(1)(a), Ohio law. R.C. 4510.01(H) defines a driver's license suspension as follows:

"Suspend" or "suspension" means the permanent or temporary withdrawal, by action of a court or the bureau of motor vehicles, of a driver's license, commercial driver's license, temporary instruction permit, probationary license, or nonresident operating privilege for the period of the suspension or the permanent or temporary withdrawal of the privilege to obtain a license, permit, or privilege of that type for the period of the suspension.

{¶27} R.C. 4510.61 incorporated into R.C. Chapter 4150, which governs Driver's License Suspension and Cancellation, the interstate driver's license compact. Said section under Article I(b)(2) adopts by reference and gives full faith and credit to driver's license suspensions from other states:

The driver license compact is hereby enacted into law and entered into with all other jurisdictions legally joining therein in the form substantially as follows:

\*\*\*

(b) It is the policy of each of the party states to:

(2) Make the reciprocal recognition of licenses to drive and eligibility therefor more just and equitable by considering the over-all compliance with motor vehicle laws, ordinances, and administrative rules and regulations as a condition precedent to the continuance or issuance of any

license by reason of which the licensee is authorized or permitted to operate a motor vehicle in any of the party states.

{¶28} In accordance with *State v. Stafford,* 158 Ohio App.3d 509, 2004-Ohio-3893 (1st.Dist.), we find there was no error in using appellant's Pennsylvania driver's license suspension to enhance his Ohio convictions to second degree felonies.

{¶29} Assignment of Error II is denied.

III

{¶30} Appellant claims the trial court erred in sentencing him to consecutive sentences as the consecutive nature is barred by double jeopardy under R.C. 2941.25. We disagree.

{¶31} Appellant was convicted of operating a motor vehicle while under the influence in violation of R.C. 4511.19 and aggravated vehicular homicide/assault in violation of R.C. 2903.06 and 2903.08. Appellant argues under R.C. 2941.25, his OVI conviction should have been merged with the other convictions which were predicated on the OVI.

{¶32} R.C. 2929.41 governs multiple sentences. Subsection (B)(3) specifically states the following:

(3) A jail term or sentence of imprisonment imposed for a misdemeanor violation of section 4510.11, 4510.14, 4510.16, 4510.21, or 4511.19 of the Revised Code shall be served consecutively to a prison term that is imposed for a felony violation of section 2903.06, 2903.07,

2903.08, or 4511.19 of the Revised Code or a felony violation of section 2903.04 of the Revised Code involving the operation of a motor vehicle by the offender and that is served in a state correctional institution when the trial court specifies that it is to be served consecutively.

{¶33} In *State v. Bayer,* 10th Dist. Franklin No. 11AP–733, 2012–Ohio–5469, our brethren from the Tenth District addressed whether merger was required in light of R.C. 2929.41(B)(3) when a defendant is convicted of operating a motor vehicle while under the influence in violation of R.C. 4511.19 and aggravated vehicular assault in violation of R.C. 2903.08.   The *Bayer* court considered the language of R.C. 2929.14(B)(3) and held the following at ¶ 21-22 (citations omitted):

The General Assembly thereby clearly reflected its intent that a trial court may, in its discretion, sentence a defendant for both OVI and AVA. That intent conflicts with the intent reflected in R.C. 2941.25.  That is, R.C. 2929.41 evidences the intent of the legislature that those two offenses should not merge-a conclusion that necessarily follows from the fact that a trial court could not order sentences to be served consecutively unless the court had first imposed more than just one sentence.  Pursuant to the merger analysis for allied offenses established by the general rule of R.C. 2941.25, the prosecutor in appellant's case would have been required to elect between the two allied offenses to which the defendant pled guilty and then pursued sentencing on only one.  This is so because, in applying

the merger of allied offenses rule established in R.C. 2941.25, "the trial court must accept the state's choice among allied offenses, 'merge the crimes *into a single conviction for sentencing,* and impose a sentence that is appropriate for the merged offense.' " (Emphasis added.)***

In short, we find that, where a defendant is found guilty of operating a motor vehicle while intoxicated and is also found guilty of aggravated vehicular assault, that defendant may be found guilty and sentenced on both. Assuming, arguendo, that OVI and AVA are allied offenses, R.C. 2929.41(B)(3) creates an exception to the general rule provided in R.C. 2941.25 that allied offenses must be merged so that a defendant may be convicted, i.e., found guilty and sentenced, on either the OVI or the AVA, but not both. Accordingly, the trial court had the discretion, pursuant to R.C. 2929.419(B)(3), to enter convictions of both OVI and AVA and to sentence appellant to serve consecutive sentences for those two crimes.

*Accord State v. Demirci,* 11th Dist. Lake No. 2011-L-142, 2013-Ohio-2399.

{¶34} We concur with the *Bayer* analysis, and note the Supreme Court of Ohio did not accept the appeal for review. *State v. Bayer,* 136 Ohio St.3d 1453, 2013-Ohio-3210.

{¶35} Assignment of Error III is denied.

{¶36} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed in part and reversed in part.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.

_____
Hon. Sheila G. Farmer


_____
Hon. William B. Hoffman


_____
Hon. Patricia A. Delaney

SGF/sg 924

[Cite as *State v. Kraft*, 2013-Ohio-4658.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | |
| -vs- | : | JUDGMENT ENTRY |
| MARC C. KRAFT | : | |
| Defendant-Appellant | : | CASE NO. 13 CAA 03 0013 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed in part and reversed in part, and the matter is remanded to said court for resentencing on Count 7 as a misdemeanor in the first degree. Costs to appellant.

_____
Hon. Sheila G. Farmer

_____
Hon. William B. Hoffman

_____
Hon. Patricia A. Delaney