[Cite as *State v. Earley*, 2014-Ohio-2643.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100482

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTONIA EARLEY

DEFENDANT-APPELLANT

## JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-571171

**BEFORE:** Keough, J., Celebrezze, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 19, 2014

**ATTORNEY FOR APPELLANT**

Edward F. Borkowski, Jr.
3030 Euclid Avenue, Suite 401
Cleveland, Ohio 44115

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   Holly Welsh
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. The purpose of an accelerated appeal is to allow the appellate court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983); App.R. 11.1(E).

**{¶2}** Defendant-appellant, Antonia Earley, appeals her sentence. For the reasons that follow, we affirm.

**{¶3}** In January 2013, Earley was charged in a six-count indictment — two counts of aggravated vehicular assault and operating a vehicle while under the influence ("OVI"), and one count each of endangering children and using weapons while intoxicated. Each count sought forfeiture of property or weapon. The charges stemmed from Earley driving her car while intoxicated at a high rate of speed with her one-year-old son riding in the front passenger seat. Earley crashed the car into a pole and her child sustained serious permanent injuries as a result.

**{¶4}** In June 2013, Earley pleaded guilty to an amended count of aggravated vehicular assault with forfeiture specifications, an amended count of endangering children with forfeiture specifications, and one count of OVI.

**{¶5}** Earley was sentenced to thirty-six months for aggravated vehicular assault, thirty-six months for endangering children, and six months for OVI. The sentences were ordered to run concurrently, for a total sentence of three years in prison.

**{¶6}** Earley now appeals, raising three assignments of error.

## I. Allied Offenses

**{¶7}** In her first assignment of error, Earley contends that the trial court erred by failing to merge allied offenses of similar import for purposes of sentencing. Specifically, she contends that aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) and OVI in violation of R.C. 4511.19(A)(1)(a) are allied offenses and should merge for sentencing.

**{¶8}** Although Earley did not raise the issue of allied offenses at the time of sentencing, this court has held that the issue of allied offenses may constitute plain error, which this court can address on appeal. *State v. Rogers*, 2013-Ohio-3235, 994 N.E.2d 499 (8th Dist.).

**{¶9}** The question as to whether crimes are allied offenses arises from the Double Jeopardy Clause of the Fifth Amendment, which protects individuals from multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). The Ohio legislature has codified this protection in R.C. 2941.25. In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the court held that a defendant's conduct must be considered when determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25. *Johnson* at ¶ 44. Thus,

> a defendant can be convicted and sentenced on more than one offense if the evidence shows that the defendant's conduct satisfies the elements of two or more disparate offenses. But if the conduct satisfies elements of offenses

of similar import, then a defendant can be convicted and sentenced on only one, unless they were committed with separate intent.

*State v. Williams*, 124 Ohio St.3d 381, 2010-Ohio-147, 922 N.E.2d 937, ¶ 36 (Lanzinger, J., concurring in part and dissenting in part).

**{¶10}** In other words,

[i]f the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

*Johnson* at ¶ 49-50, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50 (Lanzinger, J., dissenting).

**{¶11}** In this case, Earley pleaded guilty to aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), which provides

No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall cause serious physical harm to another person * * * [a]s the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance[.]

**{¶12}** Earley also pleaded guilty to OVI, in violation of R.C. 4511.19(A)(1)(a), which provides that "[n]o person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."

**{¶13}** In support of her argument that aggravated vehicular assault and OVI are allied and should merge for sentencing, Earley cites to this court's decision in *State v. Kelley*, 8th Dist. Cuyahoga No. 98928, 2013-Ohio-1899. In *Kelley*, the defendant assigned as error that the trial court erred in failing to merge the offenses of aggravated vehicular assault and OVI because the two offenses were allied. The state conceded the error, therefore, no independent analysis was conducted by this court as to whether the offenses were actually allied and merged for sentencing; rather, this court reversed the sentence and remanded the case for resentencing.

**{¶14}** In this case, however, the state does not concede that the offenses of aggravated vehicular assault and OVI are allied offenses. Instead, the state directs this court to consider the holdings of the Fifth, Tenth, and Eleventh Districts for the proposition that *even assuming arguendo* that OVI and aggravated vehicular assault are allied offenses, R.C. 2929.41(B)(3) creates an exception to the general rule provided in R.C. 2941.25 that allied offenses must be merged so that a defendant may be convicted on either the offenses, but not both. *See State v. Kraft*, 5th Dist. Delaware No. 13 CAA 03 0013, 2013-Ohio-4658, *appeal not accepted*, 138 Ohio St.3d 1451, 2014-Ohio-1182, 5 N.E.3d 668; *State v. Bayer*, 10th Dist. Franklin No. 11AP-733, 2012-Ohio-5469, *appeal not accepted*, 136 Ohio St.3d 1453, 2013-Ohio-3210, 991 N.E.2d 258, *State v. Demirci*, 11th Dist. Lake No. 2011-L-142, 2013-Ohio-2399 (Grendell, J., dissenting). The exception being that a trial court possesses the discretion to sentence a defendant for both of these crimes pursuant to R.C. 2929.41(B)(3).

**{¶15}** Specifically, R.C. 2929.41(B)(3) provides,

A jail term or sentence of imprisonment imposed for a misdemeanor violation of section * * * 4511.19 of the Revised Code shall be served consecutively to a prison term that is imposed for a felony violation of section * * * 2903.08 * * * of the Revised Code or a felony violation of section 2903.04 of the Revised Code involving the operation of a motor vehicle by the offender and that is served in a state correctional institution when the trial court specifies that it is to be served consecutively.

**{¶16}** The state maintains that this section evidences the legislature's intent that a trial court may, in its discretion, sentence a defendant for both OVI and aggravated vehicular assault. The state concedes this intent conflicts with the legislature's intent in R.C. 2941.25 against multiple punishments.

**{¶17}** This conflict has also been recognized in the Second, Sixth, and Twelfth Districts; however, these district have taken an opposing view that Ohio's General Assembly cannot abrogate the double-jeopardy prohibition of multiple punishments for the same offense, and because R.C. 2929.41(B)(3) does not explicitly trump R.C. 2941.25, aggravated vehicular assault and OVI can be allied offenses that merge for sentencing. *See State v. West*, 2d Dist. Montgomery No. 23547, 2010-Ohio-1786, *State v. Mendoza*, 6th Dist. Wood No. WD-10-008, 2012-Ohio-5988, *appeal not accepted*, 129 Ohio St.3d 1489, 2011-Ohio-5129, 954 N.E.2d 662; *State v. Phelps*, 12th Dist. Butler No. CA2009-09-243, 2010-Ohio-3257.

{¶18} The Double Jeopardy Clause prohibits cumulative punishments for the same offense. *State v. Moss*, 69 Ohio St.2d 515, 518, 433 N.E.2d 181 (1982). However, a legislature may proscribe the imposition of cumulative punishments for crimes that constitute the same offense without violating federal or state protections against double jeopardy. *Albernaz v. United States*, 450 U.S. 333, 344, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); *State v. Bickerstaff*, 10 Ohio St.3d 62, 65, 461 N.E.2d 892 (1984). Thus, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *Moss* at paragraph one of the syllabus. "When a legislature signals its intent to either prohibit or permit cumulative punishments for conduct that may qualify as two crimes, * * * the legislatures's expressed intent is dispositive." *State v. Rance*, 85 Ohio St.3d 632, 635, 1999-Ohio-291, 710 N.E.2d 699, citing *Ohio v. Johnson*, 467 U.S. 493, 499, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984).

{¶19} R.C. 2929.41 was amended through 1999 Am.Sub.S.B. 22, effective May 17, 2000, to amend subsection (B)(3) to allow consecutive sentences for certain misdemeanors and felony offenses. When Am.Sub.S.B. 22 was enacted, the Ohio Legislative Service Commission expressly stated that one of its primary purposes of the bill was to impose stricter penalties for OVI offenses. While the bill also amended the overall penalties for OVI under R.C. 4511.19, it also allowed for certain misdemeanor offenses to run consecutively to certain felony offenses, including OVI and aggravated vehicular assault. The General Assembly in amending R.C. 2929.41(B)(3), specifically

intended to permit cumulative punishments were a defendant is found guilty of both aggravated vehicular assault and OVI; thus, the protection against double jeopardy is not violated in these instances.

{¶20} Accordingly, we follow the rationale of the Fifth, Tenth, and Eleventh Districts that, even assuming aggravated vehicular assault and OVI are allied offenses, R.C. 2929.41(B)(3) creates an exception that allows a trial court to impose a sentence for both offenses.

{¶21} In this case, the trial court entered convictions on both aggravated vehicular assault and OVI and ordered them to be served concurrently, which is authorized by the discretion afforded to the court under R.C. 2929.41(B)(3). We find no plain error; Earley's first assignment of error is overruled.

II. Overstatement of Postrelease Control

{¶22} In her second assignment of error, Earley contends that the trial court erred when it imposed a mandatory period of postrelease control of three years.

{¶23} During the plea hearing, the trial court advised Earley that she would be subject to a period of postrelease control "up to three years." However, at sentencing, the trial court advised Earley that she would be subject to "three years" of postrelease control. The sentencing journal entry correctly stated "postrelease control is part of this prison sentence for up to 3 years for the above felony(s) under R.C. 2967.28."

{¶24} We addressed this issue in a factually similar case in *State v. Cromwell*, 8th Dist. Cuyahoga No. 91452, 2010-Ohio-768, wherein we concluded that when a trial court

overstates the penalty for violating postrelease control at the sentencing hearing, but remedies such overstatement in the journal entry, the error is harmless, and, unless the defendant can demonstrate prejudice, the sentence will not be rendered void. *Id.* at ¶ 8-11, citing *State v. Spears*, 9th Dist. Medina No. 07CA0036-M, 2008-Ohio-4045.

**{¶25}** Because the overstatement of postrelease control was made during sentencing and both the plea colloquy and sentencing journal entry accurately reflect both the discretionary nature and length of term of postrelease control, we find no prejudice to Earley. The error in the trial court's pronouncement during sentencing was harmless. *See* Crim.R. 52(A); *see also Spears*.

**{¶26}** Accordingly, because Earley cannot demonstrate prejudice, we find no error and overrule her second assignment of error.

### III. Sentence — Contrary to Law

**{¶27}** In her third assignment of error, Early contends that her sentence is contrary to law. Specifically, Earley contends that the record is devoid of any indication that the trial court considered the relevant factors under R.C. 2929.11 and 2929.12.

**{¶28}** As for the argument that the court disregarded the applicable statutory factors, the sentencing entry states that "the court considered all required factors of the law" and "that prison is consistent with the purpose of R.C. 2929.11." These statements, without more, are sufficient to fulfill the court's obligations under the sentencing statutes. *State v. Saunders*, 8th Dist. Cuyahoga No. 98379, 2013-Ohio-490, citing *State v. Payne*,

114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 18; *State v. Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061, ¶ 61.

**{¶29}** We also find Earley's sentence was not contrary to law under R.C. 2953.08(A)(4) because her sentence does not fall outside the statutory limits for the particular degree of offenses. Earley pleaded guilty to aggravated vehicular assault, endangering children, and OVI. She faced a mandatory prison term of at least nine months, with a maximum penalty of six and one-half years. Earley was sentenced to a three-year sentence, which is well within the statutory range. Accordingly, her sentence is not contrary to law.

**{¶30}** Earley's third assignment of error is overruled.

**{¶31}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR