[Cite as *State v. Pickett*, 2015-Ohio-4814.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                    :

    Plaintiff-Appellee,                   :                CASE NO.   CA2015-03-051

    - vs -                                          :                O P I N I O N
                                                                        11/23/2015
                                                            :

GEORGE K. PICKETT,                            :

    Defendant-Appellant.              :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2014-10-1638


Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant


**RINGLAND, J.**

{¶ 1}   Defendant-appellant, George K. Pickett, appeals from his sentence in the Butler County Court of Common Pleas for aggravated vehicular homicide and operating a vehicle under the influence (OVI).  For the reasons stated below, we affirm.

{¶ 2}   On the night of October 19, 2014, appellant was involved in an automobile accident with Gregory Philpot.  Appellant, after having consumed alcohol, was driving back to his motel and collided with a motorcycle driven by Philpot.  Philpot died as a result of the

injuries he sustained in the accident. The matter proceeded to a three-day jury trial. Appellant was found guilty of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1), a second-degree felony, and three counts of OVI in violation of R.C. 4511.19(A)(1)(a), 4511.19(A)(1)(h), and 4511.19(A)(1)(i). The three OVI counts were first-degree misdemeanors.

{¶ 3} A sentencing hearing was held on February 15, 2015. At the hearing, the trial court found the OVI counts were allied offenses of similar import and merged the first and third OVI counts into the second OVI count. The trial court then sentenced appellant to an eight-year mandatory prison term for aggravated vehicular homicide and 180 days, 177 days of which were suspended, for OVI, to be served concurrently, for an aggregate prison term of eight years.

{¶ 4} Appellant now appeals, asserting a sole assignment of error for review:

{¶ 5} THE TRIAL COURT COMMITTED PLAIN ERROR IN IMPOSING SENTENCE[S] FOR BOTH AGGRAVATED VEHICULAR HOMICIDE AND OPERATING A VEHICLE UNDER THE INFLUENCE AS THESE OFFENSES CONSTITUTE ALLIED OFFENSES OF SIMILAR IMPORT.

{¶ 6} Appellant argues that pursuant to Ohio's multiple-count statute, R.C. 2941.25, his aggravated vehicular homicide and OVI counts are allied offenses of similar import and should have merged for sentencing. Specifically, appellant argues the offenses are allied because the OVI count served as the predicate conduct for the aggravated vehicular homicide count. The state responds by asserting that the two offenses should not have merged because R.C. 2929.41 authorizes a trial court to impose separate sentences.

{¶ 7} Appellant concedes that he failed to raise the issue of allied offenses at sentencing, and therefore, has forfeited all but plain error. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 3. A forfeited error is reversible when it affects "the outcome of the

proceeding and reversal is necessary to correct a manifest miscarriage of justice."  *Id.*

{¶ 8}  The Double Jeopardy Clauses of the United States Constitution and the Ohio

Constitution prohibit multiple punishments for the same offense.  *Brown v. Ohio*, 432 U.S.

161, 165, 97 S.Ct. 2221 (1977); *State v. Miranda*, 138 Ohio St.3d 184, 2014-Ohio-451, ¶ 6.

In regards to cumulative sentences imposed in a single trial, "the Double Jeopardy Clause

does no more than prevent the sentencing court from prescribing greater punishment than

the legislature intended."  *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673 (1983).

Therefore, the question becomes "whether the General Assembly intended to permit multiple

punishments for the offenses at issue."  *State v. Childs*, 88 Ohio St.3d 558, 561 (2000).

{¶ 9}  R.C. 2941.25 is the primary legislative statement regarding the General

Assembly's intent to prohibit or allow multiple punishments for offenses arising from the same

conduct.  *Childs* at 561.  Specifically, R.C. 2941.25 states,

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 10} The Ohio Supreme Court has recently clarified that in determining whether

offenses are allied offenses of similar import within the meaning of R.C. 2941.25, "courts

must evaluate three separate factors—the conduct, the animus, and the import."  *State v.*

*Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, paragraph one of the syllabus.  If any of the

following is true, the offenses do not merge and the defendant may be convicted and

sentenced for multiple offenses: "(1) the offenses are dissimilar in import or significance—in

other words, each offense caused separate, identifiable harm, (2) the offenses were

committed separately, or (3) the offenses were committed with separate animus or motivation." *Id.* at ¶ 25.

{¶ 11} R.C. 2929.41 addresses sentencing. In 1999, the General Assembly amended R.C. 2929.41 "to establish stricter penalties" for OVIs and, "in certain circumstances[,] to eliminate for [OVIs] * * * the prohibition against imposing a term of imprisonment imposed for a misdemeanor consecutively to a prison term imposed for a felony * * *." Am.Sub.H.B. No. 22, 148 Ohio Laws, Part IV, 8353, 8390. Specifically, R.C. 2929.41(A) provides that a jail term for a misdemeanor shall be served concurrently with a prison term for a felony. However, a jail term imposed for a misdemeanor violation of R.C. 4511.19, OVI, shall be served consecutively to a prison term that is imposed for a felony violation of R.C. 2903.06, aggravated vehicular homicide, "when the trial court specifies that it is to be served consecutively." R.C. 2929.41(B)(3).

{¶ 12} Several appellate districts have discussed the interaction between R.C. 2941.25 and R.C. 2929.41 and have concluded that even if a defendant's aggravated vehicular homicide and OVI counts were allied offenses of similar import, "R.C. 2929.41(B)(3) creates an exception to the general rule provided in R.C. 2941.25 that allied offenses must be merged." *State v. Bayer*, 10th Dist. Franklin No. 11AP-733, 2012-Ohio-5469, ¶ 22. While R.C. 2941.25 is the primary statute regarding merger, R.C. 2929.41(B)(3) reflects the General Assembly's more specific legislative intent regarding the merger of OVI offenses. *Id.* at ¶ 21. Specifically, R.C. 2929.41(B)(3) demonstrates the legislature's intent to allow a trial court, in its discretion, to enter convictions and sentence a defendant for both OVI and aggravated vehicular homicide or assault.[1] *Id.* at ¶ 22. *See State v. Demirci*, 11th Dist. Lake

---

1. While the present case involves aggravated vehicular homicide under R.C. 2903.06 instead of aggravated vehicular assault under R.C. 2903.08, both statutes receive identical treatment under the multiple sentences statute. *See* R.C. 2929.41(B)(3).

No. 2011-L-142, 2013-Ohio-2399, ¶ 48-49; *State v. Dunham*, 5th Dist. Richland No. 13CA26, 2014-Ohio-1042, ¶ 76-77; *State v. Earley*, 8th Dist. Cuyahoga No. 100482, 2014-Ohio-2643, ¶ 19-20. This issue was certified as a conflict by the Eighth District and accepted by the Ohio Supreme Court for review. *See State v. Earley*, 140 Ohio St.3d 1450, 2014-Ohio-4414.[2]

{¶ 13} The Ohio Supreme Court addressed the certified conflict and has held that a trial court may impose cumulative sentences for both aggravated vehicular assault and OVI when the OVI is the predicate conduct for the aggravated vehicular assault. *State v. Earley*, Slip Opinion No. 2015-Ohio-4615, syllabus. In so holding, the court reasoned that felony aggravated vehicular assault under R.C. 2903.08(A)(1)(a) and misdemeanor OVI under R.C. 4511.19(A)(1)(a) are not allied pursuant to R.C. 2941.25 because the offenses are "of dissimilar import and significance." *Id.* at ¶ 13. Aggravated vehicular assault is of dissimilar import and significance because it is a third-degree felony with a mandatory prison term and, unlike OVI, necessarily involves causing serious physical harm to another person. *Id.* at ¶ 15. On the other hand, OVI is a first-degree misdemeanor and occurs any time an individual drives under the influence, regardless of the ensuing subsequent consequences. *Id.* The Ohio Supreme Court also rejected the approach taken by our sister districts and discussed above, that R.C. 2929.41(B)(3) creates an exception to R.C. 2941.25 and allows for a defendant to be sentenced for both aggravated vehicular assault and OVI even if the offenses were allied. *Id.* at ¶ 17. Instead, R.C. 2941.25 and R.C. 2929.41(B)(3) are independent and affect different aspects of criminal proceedings. *Id.* at ¶ 17-20.

---

2. The Eighth District certified a conflict between its decision in *Earley*, 2014-Ohio-2643 and a decision from this court in *State v. Phelps*, 12th Dist. Butler No. CA2009-09-243, 2010-Ohio-3257 and other similar decisions from the Second and Sixth Districts. In its decision certifying a conflict, the Eighth District characterizes *Phelps* as holding that OVI and aggravated vehicular assault are allied offenses because the General Assembly cannot abrogate the double-jeopardy prohibition of multiple punishments and R.C. 2929.41(B)(3) does not explicitly trump R.C. 2941.25. *Earley*, 2014-Ohio-2643 at ¶ 17. However, in *Phelps* we were not presented with an argument nor did we address the impact of R.C. 2929.41(B)(3) or the General Assembly's ability to abrogate the prohibition against multiple punishment.

{¶ 14} Consequently, the trial court did not err in failing to merge the OVI and aggravated vehicular homicide offenses. Pursuant to the Ohio Supreme Court's decision in *Earley*, a trial court may impose cumulative sentences for both aggravated vehicular homicide and OVI when OVI is the predicate conduct for aggravated vehicular homicide. Aggravated vehicular homicide is of dissimilar import and significance than OVI and, therefore, the two offenses are not allied. Accordingly, appellant's sole assignment of error is overruled.

{¶ 15} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.